appellee.

## A90A2171. CURLES v. UNITED STATES FIDELITY & GUARANTY COMPANY.
### (403 SE2d 458)

BIRDSONG, Presiding Judge.

Alimenta (U.S.A.), Inc. filed suit against Percy W. Curles for property damage to a trailer leased by Alimenta to Curles. The trailer was damaged while in Curles' use, and Alimenta's insurer, United States Fidelity & Guaranty Company (USF&G), paid its claim for collision coverage. This is a subrogation claim against Curles.

Curles brought in as third party his lessor's (Alimenta's) insurer, USF&G, contending that as a lessee using the trailer with Alimenta's permission, he is an insured under Alimenta's policy and that USF&G is obligated to provide liability coverage for any property damage caused by him, thus entitling him to a set-off for the entire subrogation claim.

USF&G was granted summary judgment upon its contention that, as to liability coverage of Curles, the policy contains this exclusion: "This insurance [liability coverage] does not apply to any of the following: . . . 6. . . . 'Property damage' to property owned or transported by the 'insured' or in the 'insured's' *care, custody or control*." (Emphasis supplied.) Curles appeals. *Held:*

In *E. C. Long, Inc. v. Brennan's of Atlanta*, 148 Ga. App. 796, 803 (252 SE2d 642) (cert. den.), we held that "an insurer may not insure an insured against a peril for a premium, and when the loss occurs — pay the insured, take subrogation, and then sue the insured on the basis that his negligence caused the damage. [Cit.] In the same manner where there are two co-insured, and the insurer pays one insured the amount claimed as damages, '(n)o right of subrogation arises against a person who holds the status of an additional insured. . . .' 16 Couch on Insurance 2d, p. 310, § 61-134. Accord, 6A Appleman, Insurance Law and Practice 146, § 4055. [Cits.]"

Damage to this trailer while it was being used by the lessee Curles is the specific peril for which Alimenta procured collision coverage in this policy and paid the premium. Presumably Curles paid in his leasing fee some or all of the premium applicable to this trailer. In principle, subrogation of an insurer is an equitable right which is derived from the rights of the insured and is limited to those rights. 46 CJS 154, § 1209. Where the right of subrogation is provided in an insurance policy (see *Carter v. Banks*, 254 Ga. 550, 552 (330 SE2d 866)), its foundation is the right of the insured to recover against the tortfeasor and the equitable concept that to allow him to collect dam-

ages for his loss from both his insurer and the tortfeasor would be a double recovery. CJS, supra. Damage to the trailer while used by the lessee Curles is the specific risk insured by USF&G; it is the *vehicle* in Curles' use that is insured by collision coverage, and Curles is the beneficiary of it.

According to the rule laid down in *E. C. Long, Inc.*, supra, Alimenta cannot maintain a subrogation suit on behalf of USF&G against its co-insured, Curles. The trial court erred in granting summary judgment to USF&G.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 6, 1991.

*William E. Cannon, Jr.*, for appellant.
*Hodges, Erwin & Hedrick, William H. Hedrick*, for appellee.

